1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSEPH MARK ANGEJA,                        No.  2:25-cv-03596-DAD-CSK (PS)

12                    Plaintiff,

13          v.                                    ORDER *SUA SPONTE* REMANDING CASE
                                                  TO SACRAMENTO COUNTY SUPERIOR
14    JOY LAJUAN BROWN,                           COURT AND DENYING MOTION TO
                                                  PROCEED *IN FORMA PAUPERIS* AND
15                    Defendant.                  MOTION FOR A TEMPORARY
                                                  RESTRAINING ORDER AS MOOT
16
                                                  (Doc. Nos. 2, 3)
17

18

19          This is an unlawful detainer action brough under California state law by plaintiff Joseph

20   Mark Angeja.  On December 12, 2025, defendant Joy LaJuan Brown, proceeding *pro se*, removed

21   the action to this federal court from the Sacramento County Superior Court and filed a motion to

22   proceed *in forma pauperis* and a motion for a temporary restraining order.  (Doc. Nos. 1, 2, 3.)

23          A district court has "a duty to establish subject matter jurisdiction over the removed action

24   *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell

25   & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is

26   strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*,

27   599 F.3d 1102, 1107 (9th Cir. 2010).  It is presumed that a case lies outside the limited

28   jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party

                                                  1

asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07. In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

/////

2

1    Here, defendant has not shown that removal of this action to this federal court is

2    appropriate.  Defendant's notice of removal and over 400 pages of attached exhibits do not

3    provide clarity as to the exact nature of the allegations appearing in the complaint.  (Doc. No. 1.)

4    Although defendant appears to argue that this court has federal question jurisdiction based on the

5    state action's purported violation of her "constitutional rights," the complaint is not before the

6    court.  (*Id.* at 2.)  Because the court has no basis upon which to determine whether federal

7    question jurisdiction exists "on the face of the plaintiff's properly pleaded complaint," defendant

8    has failed to properly invoke this court's federal question jurisdiction.  *California*, 215 F.3d at

9    1014.

10    Therefore, remand of this case to the Sacramento County Superior Court is appropriate

11    and mandatory.  28 U.S.C. § 1447(c); *Geographic Expeditions*, 559 F.3d at 1107; *Bruns*, 122

12    F.3d at 1257.

13    Accordingly,

14    1.    This action is REMANDED forthwith to the Sacramento County Superior Court,

15         pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

16    2.    Defendant's motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED as

17         having been rendered moot by this order;

18    3.    Defendant's motion for a temporary restraining order (Doc. No. 3) is DENIED as

19         having been rendered moot by this order; and

20    4.    The Clerk of the Court is directed to CLOSE this case.

21    IT IS SO ORDERED.

22    Dated:    **December 12, 2025**

23                                        DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE
24

25

26

27

28